# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOU CENTRAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SWAN CONSULTING, INC., et al., <br><br> Defendants. <br> _____/ | Case No. 1:22-cv-00722-ADA-SKO <br><br> **ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL** <br><br> (Docs. 103, 105, 108) <br><br> **TWENTY-ONE DAY DEADLINE** |

On November 19, 2019, Plaintiff filed the complaint in this action. (Doc. 1.) On June 14, 2022, the United States District Court for the Northern District of Georgia granted Plaintiff's motion to transfer this case to this Court. (*See* Docs. 99–100.) On September 7, 2022, the Court issued a minute order directing the parties to file a joint scheduling report seven (7) days prior to the initial scheduling conference set for November 29, 2022, before the undersigned. (Doc. 103.) On September 30, 2022, the Court issued an order directing the parties to return the "CONSENT / DECLINE OF U.S. MAGISTRATE JUDGE JURISDICTION" form to the Clerk of Court, as well as applications to appear pro hac vice by counsel of record who are not yet admitted to practice before this Court, by no later than October 7, 2022. (Doc. 105.)

To date, Plaintiff has yet to file either form. According to the scheduling statement submitted by Defendant (Doc. 108), Plaintiff has also failed to provide any input toward the submission of the joint scheduling report in advance of the November 29, 2022, scheduling conference.

1  The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this Order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's order and for failure to prosecute its case.**  Alternatively, within that same time period, Plaintiff may file the consent/decline form and the pro hac vice application.  The Court further CAUTIONS Plaintiff that, if it fails to take action within twenty-one (21) days of the date of service of this order, the Court will recommend to a presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at its address listed on the docket for this matter, to VACATE the scheduling conference set for November 29, 2022, and to RESET the scheduling conference on March 16, 2023, at 9:45 a.m. before the undersigned.

IT IS SO ORDERED.

Dated:   **November 22, 2022**                    /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE